# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Niko Vinnie Gambino,<br>a/k/a Terry Lee Branchaud,<br><br>    Defendant. | Case No. 11-cr-131(1) (SRN/AJB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Thomas M. Hollenhorst, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Niko Vinnie Gambino, Pekin, Illinois 61555, *Pro Se* Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 197]. The Government opposes Defendant's motion [Doc. No. 205]. For the reasons set forth below, the Court denies Defendant's Motion.

## II.    BACKGROUND

Defendant Niko Vinnie Gambino, also known as Terry Lee Branchaud, and four co-defendants, were charged in Count 1 of an 11-count indictment with conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§

1

841(a)(1), 841(b)(1)(A), and 846. (Indictment [Doc. No. 1].) Defendant was also charged with co-defendant Clayton Clarence Reiger ("Reiger") with three counts of aiding and abetting the distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2 (Counts 2, 3, and 4). On January 30, 2012, Defendant pled guilty to Count 3 of the indictment. (Court Mins. [Doc. No. 143].) On December 10, 2012, Defendant was sentenced to 156 months. (J. in a Criminal Case [Doc. No. 193].)

Defendant did not file a direct appeal to the Eighth Circuit Court of Appeals. On June 27, 2013, Defendant filed a motion under 28 U.S.C. § 2255 to set aside, vacate, or correct his sentence. (*Pro Se* Mot. to Vacate Under 28 U.S.C. § 2255 [Doc. No. 197].) The Government opposes Defendant's motion. (Government's Resp. in Opp'n to Def.'s Mot. to Vacate under 28 U.S.C. § 2255 [Doc. No. 205].)

### III. DISCUSSION

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In addition, the Eighth Circuit has held that

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  The petitioner bears the burden of proof with regard to each ground for relief.  Kress v. United States, 411 F.2d 16, 20 (8th Cir. 1969).

    **A.  Claims**

        **1.  Deficient Indictment**

Defendant first argues that Count 3 of the indictment was deficient because it did not allege all of the essential elements of an offense, and Defendant "was not on notice that he was also being charged with aiding and abetting."  (*Pro Se* Mem. to Vacate under 28 U.S.C. § 2255 at 9 [Doc. No. 198].)

Under the Federal Rules of Criminal Procedure, the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . For each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  FED. R. CRIM. P. 7(c)(1).  An indictment adequately states an offense if

> it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.  An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008).

The Court finds that Count 3 gave adequate notice of the offense of aiding and abetting the distribution of methamphetamine.  The offense of distribution of

methamphetamine has two elements: (1) the defendant intentionally transferred methamphetamine, and (2) at the time of the transfer, the defendant knew that it was a controlled substance. Manual of Model Criminal Jury Instructions for the Eighth Circuit § 6.21.841B (2013). A person may also be found guilty of this offense even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of this offense. Id. § 5.01. In order to have aided and abetted the commission of a crime, a person must (1) have known the offense was being committed or going to be committed, and (2) have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the offense. Id.

> Count 3 alleges that on or about March 3, 2010, Defendant and Reiger
>
> each aiding and abetting the other, did unlawfully, knowingly and intentionally distribute five grams or more of actual methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

(Indictment [Doc. No. 1].) Although Count 3 does not track the language of 18 U.S.C. § 2 verbatim, it alleges that Defendant and Reiger "aid[ed] and abet[ted] the other" and cites 18 U.S.C. § 2. Moreover, the Government represents that Defendant did not counsel, command, induce, or procure the commission of the crime, thus rendering the portion of 18 U.S.C. § 2 that Defendant seeks to include inapplicable. (Government's Resp. in Opp'n to Def.'s Mot. to Vacate under 28 U.S.C. § 2255 at 10 [Doc. No. 205].) Finally, the charging language includes all elements of the offense of distribution of methamphetamine. For these reasons, Count 3 of the indictment is not deficient, and Defendant had adequate notice that he was being charged of aiding and abetting the

distribution of methamphetamine.

## 2. Defendant's Guilty Plea

Next, Defendant argues that his guilty plea "was not properly taken or accepted." (*Pro Se* Mem. to Vacate under 28 U.S.C. § 2255 at 10 [Doc. No. 198].)  Defendant claims that he was not provided with the full panoply of rights, and the Court "did not assure itself that [Defendant] was competent and his plea was voluntary."  (Id. at 11.)

The Court respectfully disagrees.  First, the Court thoroughly reviewed the rights that Defendant waived by entering a guilty plea:

> THE COURT:   You have the right to persist in your plea of not guilty of the charges against you.  If you do persist in your plea of not guilty, you will have a right to trial on those charges, and you have the right to be tried by a jury of up to 12 citizens of this district.  You have the right to a speedy trial; that is, a trial that would take place in a few weeks, as opposed to months or years.  Do you understand that?
>
> DEFENDANT:   Yes, I do.
>
> THE COURT:   You have the right to be represented by an attorney at every stage of the proceedings, before the proceedings, during the trial and afterwards.  Do you understand that?
>
> DEFENDANT:   Yes.
>
> THE COURT:   You have the right to be represented by an attorney whom you hire, or if you cannot afford to hire an attorney, by an attorney appointed to represent you free of charge.  Do you understand that?
>
> DEFENDANT:   Yes.
>
> THE COURT:   At trial, you would be presumed to be innocent, and I would instruct the jurors that they must presume that you are innocent.  The burden would always be on the Government to prove your guilt, and the Government would have to prove your guilt beyond a reasonable doubt.  Do you understand that?

DEFENDANT: Yes.

THE COURT: I would instruct the jurors that unless they were convinced of your guilt beyond a reasonable doubt, they would have to acquit you. Do you understand that?

DEFENDANT: Yes.

THE COURT: If you did go to trial, the Government would seek to prove your guilt by calling witnesses who would go on the witness stand here in this courtroom and testify. You would have the right to confront those witnesses; that is, you could be in court and see and hear them testify, and your good lawyer would have the opportunity to cross-examine those witnesses; that is, to ask them questions eliciting or demonstrating weaknesses in their testimony or inconsistencies in their testimony. Do you understand that?

DEFENDANT: Yes.

THE COURT: You, on the other hand, would have the right to remain silent at trial. No one could force you to take the stand and testify. And if you chose not to testify at the trial, your silence couldn't be used against you. I would instruct the jurors that in deciding whether you had been proven guilty, they could not consider your decision not to testify. Do you understand that?

DEFENDANT: Yes.

THE COURT: Now, although you could remain silent, you could choose to testify. You could choose to get on the witness stand and tell your side of the story. You could choose to call witnesses, to tell a story that would be supportive of yours, and you could also subpoena witnesses; that is, you could require witnesses to come to court to testify on your behalf. Do you understand that?

DEFENDANT: Yes.

THE COURT: Now, whether you remain silent or you testify, or whether you call witnesses or not, the burden would always remain on the Government to prove your guilt beyond a reasonable doubt. Do you understand that?

DEFENDANT: Yes.

>    THE COURT: If you went to trial, you could not be convicted of any charge unless every single member of the jury found that you were guilty beyond a reasonable doubt. In other words, the verdict would have to be unanimous. Do you understand that?
>
>    DEFENDANT: Yes.
>
>    THE COURT: You also give up your right to file pretrial motions; that is motions, brought before a Magistrate Judge of this district before trial, arguing that the Government hasn't provided you with enough information about the case, or arguing that law enforcement acted in a way that you believed to be unconstitutional when they apprehended you. Do you understand that?
>
>    DEFENDANT: Yes.
>
>    THE COURT: So, once again, once you plead guilty, you may not withdraw that plea, and you give up all of these rights. Do you understand that?
>
>    DEFENDANT: Yes.

(Change of Plea Hr'g Tr. at 7-10 [Doc. No. 207].) The Court also cautioned Defendant that everything he said at this hearing must be truthful; otherwise, the Government could use untruthful or inconsistent statements against him in the future. (Id. at 3.) Further, the Court informed Defendant of the nature of Count 3 and the maximum possible penalty, including imprisonment, fine, and term of supervised release; informed him of the mandatory minimum penalty, any applicable forfeiture, and the Court's obligation to impose a special assessment; informed him of the Court's obligation to calculate the applicable sentencing-guideline range and to consider that range; and discussed with Defendant the waiver of appeal provisions of the plea agreement. (Id. at 11, 15, 27-28.) Defendant expressly stated that he understood all of the above. (Id. at 3, 11, 15, 27-28.)

Under these circumstances, the Court finds that its plea colloquy complied with Rule 11(b) of the Federal Rules of Criminal Procedure, and that Defendant understood his rights.  See FED. R. CRIM. P. 11(b).

Second, the Court is assured that Defendant was competent at his change of plea, and that his plea was voluntary.  The Court and Defendant had the following exchange about his competency:

> THE COURT:   There are a few questions I need to ask you that I have to ask everybody.  Have you had any alcohol in the last 24 hours?
>
> DEFENDANT:   No.  In the last 24 years, actually.
>
> THE COURT:   Have you had any drugs—by that, I mean over-the-counter drugs, prescribed drugs or illegal drugs in the last 24 hours?
>
> DEFENDANT:   Just my Dilantin for my seizures.
>
> THE COURT:   So you have a prescribed drug for seizures; is that correct?
>
> DEFENDANT:   Yes.
>
> THE COURT:   And it's called Dilantin?
>
> DEFENDANT:   Yes.
>
> THE COURT:   Did you take the prescribed amount?
>
> DEFENDANT:   Yes, this morning at 9:00.
>
> THE COURT:   Does that affect your ability to think clearly?
>
> DEFENDANT:   No.
>
> THE COURT:   Are you thinking clearly now?
>
> DEFENDANT:   Yes, I am.

8

(Change of Plea Hr'g Tr. at 5-6 [Doc. No. 207].)  The Court also questioned Defendant's attorney about his client's competency:

> THE COURT:   Mr. Guerrero, have you had sufficient time to investigate the law and facts of Mr. Branchaud's case and to discuss the case with him?
>
> MR. GUERRERO:  I have, Your Honor.
>
> THE COURT:   Do you believe that he understands the charges against him and the range of punishment he faces?
>
> MR. GUERRERO:  I do.
>
> THE COURT:   Do you believe he is competent to enter a guilty plea today?
>
> MR. GUERRERO:  I do.

(Id. at 6-7.)  Finally, the Court questioned Defendant about the voluntariness of his plea:

> THE COURT:   Mr. Branchaud, are you making this plea voluntarily, sir, and of your own free will?
>
> DEFENDANT:   Yes, I am.
>
> THE COURT:   Has anyone forced you, threatened you, coerced you or done any violence to you or any other person to get you to plead guilty?
>
> DEFENDANT:   No, Your Honor.
>
> THE COURT:   Are you pleading guilty because you are, in fact, guilty of this crime?
>
> DEFENDANT:   Yes, I am.

(Id. at 36.)

Based on her observations at the plea hearing and Defendant's responses, the Court found that Defendant understood all of the questions posed to him, and that he

answered them appropriately. (Id. at 37.) No interaction with Defendant at the plea hearing caused the Court any concern about the voluntariness of the plea, or whether it was knowing and informed. Accordingly, Defendant's guilty plea was properly taken.

### 3. Ineffective Assistance of Counsel

Defendant argues that his attorney was ineffective because he "failed to challenge the drugs that were attributed to him," "failed to make any pretrial investigation into this case," and "never even filed any appeal." (*Pro Se* Mem. to Vacate under 28 U.S.C. § 2255 at 13-16 [Doc. No. 198].) Defendant also claims that he never saw any of the evidence against him and that a DEA agent "lied on the third deal, in which [Defendant] backed out of." (Id. at 14.)

To obtain relief for ineffective assistance of counsel in the context of § 2255, Defendant faces a heavy burden. Apfel, 97 F.3d at 1076. First, Defendant must establish that his attorney's performance was deficient: that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, Defendant must establish that the deficient performance prejudiced the defense. Id. This part is met when the defendant shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Apfel, 97 F.3d at 1076. Judicial scrutiny of counsel's performance is highly deferential. Strickland, 466 U.S. at 689. The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Defendant fails to meet the heavy burden necessary to show that counsel provided

ineffective assistance. Defendant's allegations are belied by his own sworn testimony at the plea hearing and his failure to raise any objections or concerns with counsel at the sentencing hearing. See Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997) (rejecting ineffective assistance claim as "flatly contradicted by [the defendant's] contemporaneous statements at the plea hearing that he was 'satisfied with the representation [he had] received' and that he 'believed' that his counsel had 'been a good lawyer'"). The following exchange occurred at the plea hearing:

> THE COURT: You are represented here today by Mr. Guerrero; is that correct?
>
> DEFENDANT: Yes.
>
> THE COURT: Have you had an opportunity to discuss these charges with him?
>
> DEFENDANT: Yes, I have.
>
> THE COURT: Have you told him everything you want him to know about the case?
>
> DEFENDANT: Yes, ma'am.
>
> THE COURT: Are you satisfied with his services?
>
> DEFENDANT: Yes.

(Change of Plea Hr'g Tr. at 6.) Counsel also indicated that he had sufficient time to investigate the law and facts of Defendant's case, and he believed that Defendant understood the charges against him and the range of possible punishments. (Id. at 6-7.)

The Court has considered Defendant's specific allegations of ineffective assistance. First, regarding counsel's alleged failure to challenge the drugs attributed to

11

Defendant, defense counsel states that he did not see any legal basis to so challenge. (Aff. of Daniel C. Guerrero ¶ 4.c [Doc. No. 205-1].)  Defendant also admitted in his plea agreement and at the plea hearing the nature and quantity of drugs attributed to him. (Plea Agreement ¶ 2 [Doc. No. 145]; Change of Plea Tr. at 29.)  Second, as to the alleged failure to conduct a pretrial investigation, defense counsel refutes these allegations. (Guerrero Aff. ¶ 4.d.)  Third, as to counsel's failure to file an appeal, the record does not show that Defendant instructed his attorney to appeal.  Defendant's attorney also explains that he chose not to appeal the case because Defendant entered a guilty plea; the Court sentenced Defendant below the advisory guideline range; and there was no merit to an appeal.  (Id. ¶ 4.e.)  Fourth, regarding Defendant's claim that the DEA agent "lied on the third deal," this claim, even if true, has no bearing on this case because Defendant pled guilty to the second deal, which occurred on March 3, 2010.  For all of these allegations, Defendant has not established that his attorney's performance was deficient.  See Strickland, 466 U.S. at 688.  Nor has he demonstrated prejudice.  Id.  Nothing in the record shows that but for the alleged errors of counsel, Defendant would not have pled guilty and would have insisted on going to trial.  The Court therefore concludes that Defendant's ineffective assistance of counsel claim fails.

### B. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, Defendant must obtain a certificate of appealability.  See 28 U.S.C. § 2253(c)(1)(B).  The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  The applicant must show that the issues to be raised

on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." <u>Fleiger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that Defendant has not made such a showing, and therefore it declines to issue a certificate of appealability.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Doc. No. 197] is **DENIED**, and

2. A Certificate of Appealability is not issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 14, 2014          s/ Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Court Judge